UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER JOHNSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>-against-<br><br>ROGER GOODELL, ET AL.,<br><br>　　　　　　　　　　Defendants. | 25-CV-7502 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

　　　　Plaintiff, who resides in South Carolina, brings this action *pro se*. Plaintiff sues the Las Vegas Raiders and its owner Mark Davis; the Las Vegas Convention and Visitors Authority and its Chief Executive Officer, Steve Hill; the National Football League (NFL); and NFL Commissioner Roger Goodell. For the following reasons, this action is transferred to the United States District Court for the District of Nevada.

## DISCUSSION

　　　　Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

　　　　For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Venue of Plaintiff's claims does not appear to be proper in this district under Section 1391(b)(1), based on the residence of defendants, because some Defendants are alleged to reside outside of New York.

Venue of Plaintiff's claims also does not appear to be proper in this district under Section 1391(b)(2), based on the place where the events giving rise to the claims occurred. Plaintiff alleges that in 2022, he had a Nevada business license, and he contacted the president of the Las Vegas Raiders to propose sponsoring and promoting the Las Vegas HBCU Classic at Allegiant Stadium in Nevada. Because of delays, Plaintiff thereafter sought sponsorship from MGM Resorts International in Las Vegas. Plaintiff alleges that the Las Vegas Raiders eventually appropriated his event concept without compensating him. Las Vegas is in Clark County, Nevada, within the District of Nevada. *See* 28 U.S.C. § Because the events giving rise to Plaintiff's claims occurred in Nevada, venue is proper under Section 1391(b)(2) in the District of Nevada.

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a).

Transfer appears to be appropriate in this case. Accordingly, the Court transfers this action to the United States District Court for the District of Nevada. 28 U.S.C. §§ 1404(a), 1406.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Nevada. 28 U.S.C. §§ 1404(a), 1406. Collecting payment of filing fees or an *in*

*forma pauperis* application is left for the transferee court.[1] A summons shall not issue from this court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 12, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

[1] Plaintiff submitted a filing fee in the incorrect amount, which is being returned to him.