# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER JOHNSON,

    Plaintiff,

v.

ROGER GOODELL, MARK DAVIS, et al.,

    Defendants.

Case No.: 2:25-cv-01906-JAD-EJY

**Order**

    Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* (ECF No. 11) and Amended Complaint and Request for Injunction (ECF No. 5). Plaintiff's *in forma pauperis* application is granted below. Plaintiff's Amended Complaint is dismissed without prejudice and with one opportunity to amend.

**I.     Screening Standard**

    Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

    In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Discussion**

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. Federal Rule of Civil Procedure 8(a)(2) requires Plaintiff to plead a "short and plain statement" of his claims demonstrating he is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(3) states that a complaint must include "a demand for relief sought … ." In sum, Rule 8, requires a complaint to provide each defendant with "fair notice of what … [is] claim[ed] … and the grounds upon which [the claims] rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citation and quotation marks omitted). Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count." *Id.*

Here, Plaintiff fails to identify any cause of action or tie specific facts to specific defendants in a simple, concise or direct manner that would reasonably allow each defendant to understand the link between the alleged wrongful conduct and the alleged violation of rights. Further, Plaintiff is not entitled to summary judgment as no Defendant has been served and, thus, no Defendant has had an opportunity to respond to Plaintiff's allegations. Further, while Plaintiff says he seeks injunctive relief, the Court cannot discern what Plaintiff seeks to enjoin or on what legal basis an injunction would be granted. In sum, Plaintiff's Amended Complaint fails to provide a coherent factual bases that underlies any identifiable claim for relief.

### III. ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 11) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint (ECF No. 5) is dismissed without prejudice and with one opportunity to amend.

IT IS FURTHER ORDERED that Plaintiff is provided one additional opportunity to plead coherent causes of action (claims) against Defendants. If Plaintiff chooses to file an amended complaint the document **must** be titled "SECOND AMENDED COMPLAINT." The filing must be made no later than **December 8, 2025**. Plaintiff is advised that if he files a Second Amended Complaint he must state, in short clear language, what legal claims he is making against each defendant, the factual basis for each claim, and the relief he seeks. In the absence of identifiable legal claims alleged against identified defendants, supported by sufficient facts, the Court will recommend Plaintiff's case be dismissed in its entirety. Plaintiff is further advised that his submission must be legible. That means, the Court must be able to read and decipher what is written.

DATED this 6th day of November, 2025.

ELAYNA J. YOUCHAH  
UNITED STATES MAGISTRATE JUDGE