**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Case No.: 2:25-cv-01906-JAD-EJY

CHRISTOPHER JOHNSON,

Plaintiff,

v.

ROGER GOODELL, MARK DAVIS, et al.,

Defendants.

**ORDER ADOPTING REPORT
AND RECOMMENDATION
AND DISMISSING CASE**

ECF No. 16

On 2/5/26, the magistrate judge entered this report and recommendation [ECF No. 16]:

The Court has before it Plaintiff's Second Amended Complaint (the "SAC").[1] ECF No. 15. Plaintiff's original Complaint was filed in the U.S. District Court for the Southern District of New York. ECF No. 1-1. The matter was transferred to the District of Nevada (ECF No. 3) before that Complaint was screened. Plaintiff then filed his First Amended Complaint, which the Court dismissed without prejudice, but with leave to amend on November 6, 2025. ECF No. 14. At the same time the Plaintiff's First Amended Complaint was screened, Plaintiff's application to proceed *in forma pauperis* was granted. *Id.* This is Plaintiff's third time attempting to plead a claim. The Court screens the SAC below.

**I.    Screening Standard**

Upon granting Plaintiff's IFP application the Court must screen his SAC under 28 U.S.C. § 1915(e)(2). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fails to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend

---

[1]    The Court notes Plaintiff mistitles his SAC as his Complaint. *Id.*

the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Discussion**

The SAC tells a story regarding Plaintiff's pursuit of sponsoring and promoting a Las Vegas, Nevada football bowl game that would highlight historically black colleges and universities ("HBCU"). ECF No. 15. Plaintiff alleges that he first spoke to the president of the Las Vegas Raiders (not a named Defendant) about the bowl game in 2022 and explained he "want[ed] to

sponsor and promote The Las Vegas HBCU." *Id*. at 1.  Plaintiff states he next spoke to Burke Mangus (who is also not named as a Defendant and whose position is undefined) and "pitched … a rematch of the ESPN [C]elebration Bowl." *Id*. at 2.  Thereafter, Plaintiff says he spoke with a variety of individuals (one of whom is identified only by first name and others whose specific roles in Plaintiff's story are unclear) at unspecified times.[2]  *Id*. at 2-3. After speaking to and reaching out to these various individuals, Plaintiff says "Steve Hill and The Raiders" stole his game and are sponsoring the "Las Vegas HBCU Classic." *Id*. at 3.  Plaintiff says he tried to work out a marketing deal with the Raiders (through Steve Hill and Justin Carley), but no deal was made and it may be no responses to his communications were received.  *Id*.  Plaintiff makes vague reference to race and "rogue owner[s] stealing intellectual property." *Id*.  Plaintiff attaches a cease and desist letter he says was sent to Steve Hill at the Las Vegas Convention and Visitors Authority (the "LVCVA"), but there is no evidence supporting this fact and the letter is unsigned.  *Id*. at 5.  Plaintiff also attaches what may be emails and other electronic communications he sent to various individuals (*id*. at 6-13), a newspaper article (*id*. at 15-16), and a document downloaded from the Nevada Secretary of State business portal (*id*. at 17-18).

On the first page of the Plaintiff's SAC he lists the National Football League ("NFL"), Roger Goodell, the Las Vegas Raiders, Mark Davis, LVCVA, and Steve Hill as Defendants.  *Id*. at 1. Plaintiff identifies theft, copyright infringement, conspiracy, business sabotage, unethical behavior, fraud, and wire fraud as his "Charges." *Id*.  Plaintiff mentions trademark infringement in his cease and desist letter to Steve Hill.  *Id*. at 5.  Nowhere in Plaintiff's SAC does he identify or tie the elements of any cause of action to a specific Defendant.  *Id*. at 1-19.  There are no allegations regarding the NFL, LVCVA, or Roger Goodell engaging in any specific wrongdoing.  *Id*.

---

[2]    ECF No. 15 at 2 references Dan, Burke Magnus, Chris Wright, and Bill Hornbuckle who is the CEO of MGM Resorts International.  Plaintiff also states he sent a letter to the owner of the Las Vegas Raiders, Mark Davis.  *Id*.  On page 3 of the SAC, Plaintiff says he emailed Tracy Perlman and sent letters to Troy Vincent (allegedly an NFL executive).  *Id*. at 3.

a.    Claims Against the NFL, LVCVA, and Roger Goodell Should Be Dismissed with Prejudice.

This is Plaintiff third attempt to plead a claim. Labeling or merely identifying causes of action do not support a claim. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). While a *pro se* plaintiff's allegations are liberally construed, the plaintiff must still state sufficient facts to establish a plausible claim. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). Moreover, when Plaintiff's claims fail to put Defendants on notice of the wrongdoing in which they allegedly engaged, Defendants are deprived of a meaningful ability to defend against the claims made. *Benitez v. Schumacher*, Case No. 2:20-CV-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020).

A review of Plaintiff's SAC demonstrates there are no factual allegations regarding the NFL, LVCVA, or Roger Goodell; nor are there references that would allow the Court to reasonably infer wrongdoing by these named Defendants. In fact, there is no mention of Mr. Goodell in Plaintiff's SAC at all. The NFL is only alleged to have received emails from Plaintiff. The LVCVA is mentioned only as an entity with whom Steve Hill is associated. Plaintiff's brief references to these Defendants are not sufficient to state claims against any of these Defendants.

Plaintiff has had multiple opportunities and ample time to develop and allege facts in support of his claims. Plaintiff states he was a Nevada business owner and was "doing a celebrity dating show and comedy" at the time he was speaking to individuals about the Las Vegas HBCU Classic. ECF No. 15 at 2. Thus, Plaintiff is not an unsophisticated individual. The Court must reasonably presume that if there were facts to support claims against Mr. Goodall, the NFL, or the LVCVA Plaintiff would have alleged them in the SAC if not before. The Court finds that granting Plaintiff a fourth opportunity to amend to cure the failure to plead any facts related to these Defendants is not

4

warranted. *See Isbelle v. Denney*, Case No. 1:19-cv-00093-DCN, 2020 WL 2841886, at *5 n.5 (D. Idaho 2020); *McBride v. Twp. of Washington*, Civ. No. 19-17196 (NLH/JS), 2020 WL 13887544, at *7 (D.N.J. Dec. 17, 2020).

The Court recommends all claims against the NFL, LVCVA, and Mr. Goodell be dismissed with prejudice.

b.      Claims Against the Steve Hill, Mark Davis, and the Las Vegas Raiders.

i.      *Wire Fraud*

Plaintiff cannot state a claim for wire fraud as a matter of law. As the Central District of California explained in *Kraft v. Old Castle Precast Inc.*, Case No. LA-CV-15-00701-VBF, 2015 WL 4693220, at *2 (C.D. Cal. Aug. 5, 2015), case law demonstrates there is no private right of action for wire fraud. *Schrager v. Aldana*, 542 Fed.Appx. 101, 103 (3d Cir. 2013); *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999); *Napper v. Anderson, Henley, Shields, Bradford & Pritchard,* 500 F.2d 636, 636 (5th Cir. 1974). This claim should be dismissed with prejudice.

ii.      *Copyright and Federal Trademark Infringement*

To establish copyright infringement, the holder of the copyright must prove both valid ownership and that there was infringement of the copyright by the alleged infringer. If a plaintiff states he owns a valid copyright, then the plaintiff must establish infringement by showing the alleged infringer had access to its copyrighted material and that there is "substantial similarity not only of the general ideas [of the works] but of the expressions of those ideas as well." *Sid & Marty Krofft Television Productions, Inc., v. McDonald's Corp.*, 562 F.2d 1157, 1162 (9th Cir. 1977). Caselaw establishes substantial doubt that a sporting event is a copyrightable work. To the extent that courts have considered this question, most have concluded that a game itself (as opposed to a broadcast of the game) is not copyrightable. *National Basketball Ass'n v. Sports Team Analysis & Tracking Sys., Inc.*, 931 F.Supp. 1124, 1142-45 (S.D.N.Y. 1996) (analyzing a number of sources including Nimmer on Copyright and the legislative history of the Copyright Act, and concluding that an NBA game, as distinct from the broadcast of it, is not copyrightable), *amended and superseded on other grounds by* 939 F.Supp. 1071, 1074 n. 1 (S.D.N.Y. 1996); 1 Melville B.

Nimmer, Nimmer on Copyright § 2.09[F] (1996) (discussing problems that could arise if athletic events themselves were treated as copyrightable).

Plaintiff's SAC fails to plead facts necessary to establish that he owned a valid copyright or trademark or, therefore, there was infringement on either a copyright he owned. Indeed, it is unclear what copyright Plaintiff claims he owned. Plaintiff cannot copyright a football bowl game itself and, thus, to the extent that is what he claims—copyright ownership of the Las Vegas HBCU Classic bowl games—his copyright claims fails.[3] Further, if the Court assumes Plaintiff is asserting what was stolen is a copyright in the idea for an HBCU bowl game,[4] Plaintiff pleads facts demonstrating the idea for such a game was not his but an idea acted on in the form of the Celebration Bowl long before 2022 when he alleges he first spoke to the president of the Raiders. ECF No. 15 at 1.[5] That is, Plaintiff admits that his idea was a rematch of an existing HBCU bowl game (the Celebration Bowl). *Id.* at 2. Plaintiff says he called the president of the Las Vegas Raiders on an unknown date to explain he wanted to "sponsor and promote The Las Vegas HBCU Classic at Alligent [sic] Stadium"—not that he had come up with the idea for the game—and that this was a "rematch of the ESPN celebration Bowl." *Id*.

The fact that another HBCU football bowl had been played for seven years before Plaintiff spoke about wanting to sponsor and promote the Las Vegas HBCU Classic strongly supports the conclusion that Plaintiff did not have a copyright in The Las Vegas HBCU Classic. At most, on its face, Plaintiff pleads he was primarily reformatting an existing idea with a new title and location. There are no facts demonstrating Plaintiff contributed anything more than a desire to promote and sponsor a football game that largely mirrored an existing bowl game. This does not demonstrate

---

[3]     ECF No. 15 at 3 stating: "Steve Hill and The Raiders have stolen Plaintiff's game …."

[4]     Not all ideas are patentable. 35 U.S.C. § 101 defines the subject matter eligible for patent protection and contains an implicit exception for "[l]aws of nature, natural phenomena, and abstract ideas." *Association for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013) (internal citation and quote marks omitted).

[5]     "Celebration Bowl is a postseason HBCU Football National Championship featuring the conference champions from the Mid-Eastern Athletic Conference (MEAC) and the Southwestern Athletic Conference (SWAC)." www.thecelebrationbowl.com/bowl-history/ (Last visited on February 3, 2026). The Celebration Bowl website shows this bowl has been played every year since 2015. *Id*. It appears the Las Vegas HBCU Classic held its inaugural game in 2025 and the second game in 2026. www.raiders.com/news/inaugural-hbcu-classic-at-allegiant-stadium-unites-football-legacy-and-black-excellence (Last visited on Feb. 3, 2026).

In general, websites and their contents may be judicially noticed. *Pac. Overlander, LLC v. Kauai Overlander*, Case No. 18-cv-2142-KAW, 2018 WL 3821070, at *2 (N.D. Cal. Aug. 10, 2018) (citing *Caldwell v. Caldwell*, Case No. 05-cv-4166-PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006).

ownership in a valid copyright. *Sid & Marty Krofft Television*, 562 F.2d at 1163 (internal citation omitted).

To establish a likelihood of success on the merits of a trademark infringement claim, a plaintiff must establish he is "(1) the owner of a valid, protectable mark, and (2) that the alleged infringer is using a confusingly similar mark." *Grocery Outlet Inc. v. Albertson's Inc.*, 497 F.3d 949, 951 (9th Cir. 2007); *A.L.M.N. v. Rosoff*, 757 P.2d 1319, 1321 (Nev. 1988) (demonstrating the requirement to demonstrate a trademark infringement claim mirror the federal counterparts) (internal citation omitted). Applying this law to the possibility that Plaintiff intended to plead either a federal statutory or Nevada common law trademark infringement claim, he offers nothing to suggest, and certainly nothing that would allow the Court to conclude, he owned a valid protectable trademark in the "The Las Vegas HBCU Classic" name. Said plainly, Plaintiff's conclusory allegations are insufficient to establish trademark ownership. ECF No. 15 at 1-3.

Moreover, "[t]he Lanham Act grants trademark protection only to marks that are used to identify and to distinguish goods or services in commerce—which typically occurs when a mark is used in conjunction with the actual sale of goods or services." *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1051 (9th Cir. 1999). "The purpose of a trademark is to help consumers identify the source, but a mark cannot serve a source-identifying function if the public has never seen the mark and thus is not meritorious of trademark protection until it is used in public in a manner that creates an association among consumers between the mark and the mark's owner." *Id.* In short, "a mark shall be deemed to be in use in commerce ... on services when it used or displayed in the sale or advertising of services and the services are rendered in commerce." 15 U.S.C. § 1127. Plaintiff pleads no facts demonstrating he ever used The Las Vegas HBCU Classic in commerce at any time. Plaintiff further alleges no facts demonstrating he came up with the name for the bowl; however, even assuming he did, Plaintiff offers nothing evidencing he ever did anything with the name outside of discussions with a representative of the Raiders and various other individuals. ECF No. 15 at 1-2. These facts do not support that Plaintiff owned a valid, protectable mark.

The Court finds, based on Plaintiff's allegations, that he does not and cannot allege copyright infringement. That is, the proposed idea for an HBCU bowl game had long been established by 2022 when Plaintiff alleges he first spoke to the president of the Las Vegas Raiders. This is Plaintiff's third time attempting to plead a valid claim. The Court finds, under the facts and circumstances of this case, a fourth opportunity to amend his allegations is not justified.

With respect to Plaintiff's potential trademark claim, the Court notes that "[t]rademark rights are not created by sporadic, casual, and nominal shipments of goods bearing a mark. There must be a trade in the goods sold under the mark or at least an active and public attempt to establish such a trade." *Garden of Life, Inc. v. Letzer*, 318 F.Supp.2d 946, 957 (C.D. Cal. 2004) *quoting La Societe Anonyme des Parfums Le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1274 (2nd Cir. 1974). Therefore, "[m]ere adoption of a mark without bona fide use, in an attempt to reserve it for the future, will not create trademark rights." *Id. quoting Blue Bell, Inc. v. Farah Manuf. Co., Inc.*, 508 F.2d 1260, 1267 (5th Cir. 1975). The totality of the facts alleged in the SAC—the third attempt by Plaintiff to plead his claims—do not support that he states or can state continuous use of the alleged trademark in commerce. Thus, the Court recommends Plaintiff's trademark infringement claim be dismissed with prejudice.

> iii.    In the Absence of Federal Claims, Plaintiff must Plead his State law claims (theft, fraud, and conspiracy) in State court.

The Court liberally construes Plaintiff's claim based on theft as a common law claim of conversion. In *Wantz v. Redfield*, the Nevada Supreme Court defined conversion "as a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." 326 P.2d 413, 414 (Nev. 1958). Conversion does not require a manual or physical taking of property. *Bader v. Cerri*, 609 P.2d 314, 317 n.1 (Nev. 1980), *overruled, in part on other grounds by Evans v. Dean Witter Reynolds*, *Inc.*, 5 P.3d 1043, 1050 (Nev. 2000). Indeed, tangible and intangible property alike can be converted. *M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 193 P.3d 536, 538-39 (Nev. 2008).

Under Nevada law, the elements of fraud include: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance. *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992) (citing *Lubbe v. Barba*, 540 P.2d 115, 117 (Nev. 1975)). In addition, the plaintiff must prove each element of the fraud claim by clear and convincing evidence. *Id*.

Nevada law defines civil conspiracy as "a combination of two or more persons, who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983) (citing *Wise v. Southern Pac. Co.*, 35 Cal.Rptr. 652 (Cal. 1963) and *Bliss v. Southern Pac. Co.*, 321 P.2d 324 (Ore. 1958)). "The gist of a civil conspiracy is not the unlawful agreement but the damage resulting from that agreement or its execution. The cause of action is not created by the conspiracy but by the wrongful acts done by the defendants to the injury of the plaintiff." *Eikelberger v. Tolotti*, 611 P.2d 1086, 1088, n.1 (Nev. 1980).

Each of these causes of action arise under state law. When no federal claims are present, the Court may decline to exercise supplemental jurisdiction over remaining state law causes of action. *Branch-Noto v. Sisolak*, 576 F.Supp.3d 790, 806, n.100 (D. Nev. 2021) *citing* 28 U.S.C. § 1367(c)(3); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court."). This is the exact circumstance here. Thus, the Court recommends Plaintiff's state law claims be dismissed without prejudice, but without leave to amend in federal court. This will allow Plaintiff to pursue his state law claims in the Eighth Judicial District Court for Clark County, Nevada.

**III.    Recommendations**

IT IS HEREBY RECOMMENDED that Plaintiff's claims against the National Football League, LVCVA, and Roger Goodell be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's copyright and trademark infringement claims be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's theft (conversion), fraud, and civil conspiracy claims be dismissed without prejudice, but without leave to amend in federal court. Dismissal without prejudice will allow Plaintiff to pursue his state law claims in the Eighth Judicial District Court if he chooses to do so.

DATED this 5th day of February, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### Order Adopting R&R

The deadline for the plaintiff to object to this recommendation was 2/19/2026, and he neither filed one nor asked to extend the deadline to do so.  "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003).  Having reviewed the report and recommendation, I find good cause to adopt it, and I do.  IT IS THEREFORE ORDERED that

(1) The Magistrate Judge's Report and Recommendation **[ECF No. 16] is ADOPTED in its entirety**;

(2) **All claims are DISMISSED** as follows: plaintiff's claims against the National Football League, LVCVA, and Roger Goodell, and his copyright and trademark infringement claims are dismissed with prejudice; his theft (conversion), fraud, and civil conspiracy claims are dismissed without prejudice to his ability to refile them in state court; and

(3) **The Clerk of Court is directed to CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: February 24, 2026

10